```
              UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                     RALEIGH DIVISION
```

| | |
|---|---|
| IN RE: | CASE NO. |
| WILLIAM MARC GILFILLAN<br>REBECCA M. GILFILLAN | 05-00910-5-ATS |
|     DEBTORS | |
| SOUTHEASTERN SHELTER CORPORATION<br>and JERRY CHESSON | |
|     Plaintiffs | ADVERSARY PROCEEDING NO. |
|     v. | S-05-00112-5-AP |
| WILLIAM MARC GILFILLAN | |
|     Defendant. | |

## MEMORANDUM OPINION

The trial of this adversary proceeding pursuant to 11 U.S.C. § 523(a)(6) to determine the dischargeability of a debt owed by the chapter 7 debtor, William Marc Gilfillan, to the plaintiffs, Southeastern Shelter Corporation and Jerry Chesson, was held in Raleigh, North Carolina on March 16, 2006. For the reasons that follow, judgment will be entered in favor of the debtor.

William Marc Gilfillan and Rebecca M. Gilfillan filed a petition for relief under chapter 7 of the Bankruptcy Code on March 12, 2005, and their discharge was entered on July 20, 2005. On June 13, 2005, Southeastern Shelter Corporation and Jerry Chesson filed this adversary

proceeding, alleging that a debt arising out of a judgment in their favor against Mr. Gilfillan is nondischargeable pursuant to § 523(a)(6).

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.  This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(I), which this court may hear and determine.

The parties stipulated that Southeastern Shelter Corporation and Jerry Chesson sued BTU, Inc., Paul Silcox and Marc Gilfillan in the Superior Court of North Carolina, Durham County.  On March 31, 2004, the jury answered the following issues in favor of the plaintiffs:

1. Did the Defendants convert proprietary intangible information, including customer lists, contact lists, records or historical data or certain tangible personal property, including a photocopier, paint sprayer or air compressor, the personal property of the Plaintiffs?
   **ANSWER: Yes**

2. What amount are the Plaintiffs entitled to recover for damages for the conversion of the property of the Plaintiffs?
   **ANSWER: $225,000**

3. Are the Defendants liable to the Plaintiffs for punitive damages?
   **ANSWER: Yes**

4. What amount of punitive damages, if any, does the jury in its discretion award the Plaintiffs?
   **ANSWER: $112,500**

Pl. Ex. 1. At the trial, the plaintiffs submitted the judgment to the court and presented no further evidence. The plaintiffs contend that an award of punitive damages by the jury necessarily encompasses a finding that the debt was for willful and malicious injury by the debtor to the plaintiffs or the property of the plaintiffs, and that the judgment itself meets the plaintiffs' burden of proof. The debtor contends that the court cannot determine from the jury's award whether it was based on fraud, willfulness, <u>or</u> malice, and that without more, the plaintiffs failed to meet their burden.[1] Accordingly, the debtor moved for judgment pursuant to Rule 52(c) of the Federal Rules of Civil Procedure, made applicable in this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Section 523(a)(6) provides that a discharge does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C. § 523(a)(6). "Willful and malicious are two distinct requirements that [the plaintiff], as the party seeking to avoid the discharge of the debt, must prove by the preponderance of the evidence before the § 523(a)(6) exception to discharge applies." <u>In re Scarborough</u>, 171 F.3d 638, 641 (8th Cir. 1999). "The absence of either of these elements means that the debt is dischargeable." <u>Community</u>

---

[1] The debtor concedes that he is collaterally estopped from relitigating the jury's finding of conversion.

Savings Bank, Inc. v. Rountree (In re Rountree), Adv. Pro. No. 01-2003 at p. 15 (Bankr. M.D.N.C. May 1, 2002) (unpublished) (citing In re Markowitz, 190 F.3d 455, 464 (6th Cir. 1999).

The North Carolina punitive damages statute provides the standard for awarding punitive damages:

> Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that one of the following aggravating factors was present and was related to the injury for which compensatory damages were awarded:
> (1) Fraud.
> (2) Malice.
> (3) Willful or wanton conduct.

N.C. Gen. Stat. § 1D-15(a).  The Durham County jury found simply that punitive damages were appropriate, but there is no evidence on what basis the finding was made.  Without more, the court would only be speculating that the jury found both factors (2) malice and (3) willful or wanton conduct, rather than malice _or_ willful conduct _or_, for that matter, only fraud.[2]

The plaintiffs rely on Judge Carruthers' opinion in Thompson v. Brookshire (In re Brookshire), Adv. Pro. No. 05-6022 (Bankr. M.D.N.C.

---

[2] The plaintiffs maintain that because conversion was the only cause of action submitted to the jury (fraud claims were dismissed prior to trial, see Southeastern Shelter Corp. v. BTU, Inc., 154 N.C. App. 321, 572 S.E.2d 200 (2002), the jury could not have based its punitive damages award on fraud.  However, the jury instructions were not provided to this court, and it is possible that the instruction included all three aggravating factors identified in the statute.  Accordingly, it is impossible to know whether the jury may have considered fraud to be the aggravating factor supporting the punitive award.

4

Jan. 10, 2006) (unpublished), to support their contention that a punitive damage award based on an underlying conversion claim is sufficient to support their claim under § 523(a)(6). In Brookshire, Judge Carruthers entered summary judgment in favor of the plaintiffs where the state court judgment established conversion and awarded punitive damages. The court noted, however, that "the findings of fact and conclusions of law in the State Court Judgment easily support a finding that the Debtor acted with the requisite willfulness and malice to deny dischargeability . . . ." Brookshire at 9. The Brookshire court also noted some of the specific findings of the state court leading to those conclusions. It is clear that the state court in Brookshire made detailed findings that simply are absent in this case, and this court cannot conclude that the jury found the requisite willfulness and malice based on the only evidence presented at trial.

  Rule 52(c) of the Federal Rules of Civil Procedure provides that

> [i]f during a trial without a jury a party has been fully
> heard on an issue and the court finds against the party on
> that issue, the court may enter judgment as a matter of law
> against that party with respect to a claim or defense that
> cannot under the controlling law be maintained or defeated
> without a favorable finding on that issue[.]

Fed. R. Civ. P. 52(c). The plaintiffs chose to close their evidence after having submitted only the state court judgment. Because the court cannot determine that the jury award included a finding of willful and malicious injury, the court finds that the plaintiffs

5

failed to carry their burden of proof.  Accordingly, judgment will be entered in favor of the debtor.

Based on the foregoing, the debt owed by the debtor, William Marc Gilfillan, to the plaintiffs, Southeastern Shelter Corporation and Jerry Chesson, is **NOT NONDISCHARGEABLE** pursuant to 11 U.S.C. § 523(a)(6).  A separate judgment will be entered.

DATED:  March 20, 2006

A. Thomas Small
United States Bankruptcy Judge